UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>H. PERALES, parole supervisor; SEAN MASTERSON, parole agent; and Dr. KINGSTON, HOPE program supervisor,<br><br>    Defendants. | Case No.:  23-CV-763-GPC-WVG<br><br>**ORDER**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**2) SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE;**<br><br>**3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND**<br><br>**4) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[Dkt. Nos. 2, 3, 4.]** |

On April 26, 2023, Plaintiff Carl Ethridge ("Plaintiff") proceeding pro se, filed a complaint against Defendants H. Perale, parole supervisor; Sean Masterson, parole agent

and Dr. Kingston, Hope Program Supervisor.  (Dkt. No. 1, Compl.)  Plaintiff concurrently filed a motion to proceed in forma pauperis, ("IFP"), a request for appointment of counsel, and an "emergency" motion for temporary restraining order.  (Dkt. Nos. 2-4.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion to proceed IFP, sua sponte DISMISSES the action for failure to state a claim and seeking monetary damages against immune Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B), and DENIES Plaintiff's motion to appoint counsel and motion for temporary restraining order.

**A.     Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).  "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life."  *Soldani v. Comm'r of Soc. Sec.*, Case No.: 1:19-cv-00040 –JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).  Courts may consider the federal poverty guidelines set by the United States Department of Health and Human Services as well as income in the context of overall expenses and other factors, including savings and debts, in ruling on IFP applications.  *McKinley v. Cnty. of Fresno*, No. 1:21-cv-00754-NONE-SAB, 2021 WL

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

3007162, at *1 (E.D. Cal. July 15, 2021).

Here, Plaintiff submitted a form application and declaration stating that he receives $1,177.93 of social security disability benefits per month. (Dkt. No. 2 at 1-2.[2])  He states he has $0 in his bank account, does not have any assets, does not have any debts, does not support anyone, and has expenses of food, clothing and laundry of $195.00[3] per month. (*Id.* at 4.)  He also states that he cannot afford a place to live. (*Id.* at 5.)  Accordingly, given his limited income, the Court GRANTS Plaintiff's motion for leave to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000). 28 U.S.C. § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Federal Rule of Civil Procedure ("Rule") 8(a) and 12(b)(6) require a

---

[2] Page numbers are based on the CM/ECF pagination.
[3] Plaintiff states he has $1.50 in food expense per month; however, it may appear that Plaintiff intended to state he spends $150.00 a month on food.

complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  And while the court "ha[s] an obligation where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### 1.     Complaint[4]

According to the complaint, Plaintiff alleges he is being subject to cruel and unusual punishment by his state parole officials who have deliberately disregarded the serious threat to his mental health and physical well-being.  (Dkt. No. 1, Compl. at 2.)  As to his mental health, Plaintiff claims he is being forced to attend therapy treatment classes for child molesters and rapists but he has no criminal history of such crimes.  (*Id.*)  He claims that attending these treatment sessions is causing him to be severely depressed, including having, at times, suicidal thoughts.  (*Id.*)  Plaintiff alleges he has complied with his parole requirements such as not engaging in criminal activity or violence and has not used any drugs.  (*Id.*)  However, H. Perales consistently threatens him with a parole violation for Plaintiff's occasional failure to attend the treatment classes even though the sentencing court did not issue a requirement that he attend the treatment classes.  (*Id.*)  Plaintiff additionally challenges the parole requirement that he register as a sex offender pursuant to Penal Code section 290.  (*Id.*)  He also claims a violation of due process by H. Perales and Sean Masterson for forcing him to attend treatment classes for child

---

[4] Plaintiff does not fully articulate the nature of his claims.  It appears he is pursuing a 42 U.S.C. § 1983 claim against parole officers based on violations of the United States Constitution but does not assert the specific constitutional violations.

molestation and rape because it does not meet his offense and is not supported by the order of the sentencing judge. (*Id.* at 3.)

Further, he summarily asserts he is being denied equal protection of the law because he is unfairly being required to register even though he committed a non-sexual offense of "searching a woman during a[n] armed robbery 30 years ago of which during that time was not a registrable offense and in fact was a wobbler making it eligible to be reduced to a misdemeanor and expunged . . . ." (*Id.* at 2-3.)

As to his physical health, Plaintiff argues that all Defendants have been deliberately indifferent to his serious medical needs requiring him to attend class or work even though he has a documented severe spinal nerve impingement which will require surgery and he cannot safely attend class or work. (*Id.*) According to the concurrently filed temporary restraining order, Plaintiff states he is being required to walk up a hill to attend the classes and has difficulty due to his spinal condition. (Dkt. No. 4 at 2.) He claims he was taken to the hospital by ambulance when was attending the class. (Dkt. No. 1, Compl. at 3; Dkt. No. 4 at 2.) The complaint seeks punitive damages of $50,000. (*Id.* at 4.)

**2.     42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Plaintiff names three defendants: H. Perales, a parole supervisor; Sean Masterson, a parole agent and Dr. Kingston, Hope Program Supervisor, but does not allege that any of them were acting under color of state law. (Dkt. No. 1, Compl. at 1.) While Defendants H. Perales, as a parole supervisor, and Sean Masterson, as a parole agent, were likely acting under color of state law, Plaintiff has not sufficiently alleged whether

Dr. Kingston, Hope Program Supervisor, a private individual, was acting under color of state law and must be dismissed. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)) (§ 1983 action cannot be brought against a private party unless "he is a willing participate in joint action with the State or its agents.").

### 3. Immunity

"An official derives the appropriate degree of immunity not from his or her administrative designation, but by the function he or she performs." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (quoting *Anderson v. Boyd*, 714 F.2d 906, 908 (9th Cir. 1983)). A parole officer is absolutely immune from liability "for the imposition of parole conditions." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004); *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2014) (parole officers are entitled to absolute immunity against claims for damages arising from imposition of parole conditions). The imposition of parole conditions is a "quasi-judicial function[]" that is "functionally comparable to tasks performed by judges," who are entitled to absolute immunity for judicial acts. *Swift,* 384 F.3d at 1189 (internal quotation marked omitted); *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (look to "nature of function performed and not to the identity of the actor performing it" to determine whether absolute immunity is available). However, a parole officers' immunity arising from their duty to supervise or enforce the conditions of parole is qualified as "[a]bsolute immunity does not extend [ ] to Plaintiff's claim that the parole officers enforced the conditions of his parole in an unconstitutionally arbitrary or discriminatory manner." *Thornton*, 757 F.3d at 840.

Plaintiff appears to be challenging the conditions of his parole requiring him to attend the treatment classes for child molesters and rapists and requiring him to register as a sex offender. To the extent that any of the defendants imposed these parole conditions, they are absolutely immune from monetary damages. *See Thornton*, 757 F.3d at 840; *Seals-Brown v. Llopis*, Case No. C 13-4824 PSG (PR), 2015 WL 13345330, at *2 (N.D. Cal. Sept. 24, 2015) (claims that parole officials violated the plaintiff's

constitutional rights by imposing unconstitutional parole conditions pursuant to California's Sex Offender Registration Act or Jessica's Law were barred by absolute immunity).  Accordingly, the Court *sua sponte* dismisses the claims for "cruel and unusual punishment" for deliberate disregarding his mental and physical health, due process and equal protection to the extent Plaintiff alleges Defendants H. Perales and Sean Masterson imposed parole conditions as they are absolutely immune.  *See* 28 U.S.C. § 1915(e)(2)(B).  However, to the extent Plaintiff may be alleging that Defendants H. Perales and Sean Masterson are unconstitutionally enforcing the parole conditions, he has not sufficiently made such an allegation, and the Court dismisses such claims for failure to state a claim.  *See id.*

### 4. Deliberate Indifference to Serious Medical Needs

Notwithstanding the immunity of Defendants, Plaintiff seeks to allege an Eighth Amendment claim of deliberate indifference to serious medical needs using language such as "cruel and unusual punishment", "deliberately disregarded the serious threat of their actions to his mental health as well as . . . existing physical disability, and "deliberately indifferent to . . . serious health needs . . . of spinal nerve impingement." (Dkt. No. 1, Compl. at 2-3.)

The Eight Amendment mandates that prison officials must provide medical care to prisoners.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  "[W]hen a State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cnty Dept. of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). Because inmates rely on prison officials to treat their medical needs, deliberate indifference may be shown by prison doctors in how they respond to the prisoner's needs or by prison guards who intentionally deny or delay access to medical care or intentionally interfere with treatment once proscribed.  *Estelle*, 429 U.S. at 104.

Here, Plaintiff is on parole and not incarcerated; therefore, there is no obligation by the parole officers to provide adequate medical care.  *See Koch v. Wade*, No. 15-CV-

3895, 2016 WL 1381793, at *2 (N.D. Cal. Apr. 5, 2016) ("[A]lthough the Supreme Court has found that the Eighth Amendment requires the state to provide adequate medical care to *incarcerated* prisoners . . . that obligation has not been extended to convicts who are not in custody and therefore free to find treatment on their own."); *Woodroffe v. Lincoln Cnty. Cmty. Just.*, No. 6:21-CV-01053-IM, 2021 WL 5316984, at *6 (D. Or. Nov. 10, 2021), *appeal dismissed*, No. 22-35283, 2022 WL 2527007 (9th Cir. May 16, 2022) (quoting Wallace v. Jones, No. 2:12-cv-02018 TLN DAD P., 2013 WL 2190174, at *3 (May 20, 2013) ("there is no duty for parole officers to ensure that parolees obtain public assistance, housing or medical care.")); *see also Cady v. Becarri*, No. CV 12-0084-M-DLC-JCL, 2012 WL 6048729, at *3 (D. Mont. Aug. 23, 2012) (rejecting the plaintiff's attempt to impose liability on the defendant for failing to fulfill her duties as a parole officer because parole officers do not have an affirmative duty to provide housing, mental health services, or medical care) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989)). Plaintiff has failed to plausibly allege that Defendant H. Perales and Sean Masterson were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Accordingly, the Court, additionally, *sua sponte* dismisses the claim for deliberate indifference to Plaintiff's serious medical needs for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). To the extent Plaintiff may also be asserting due process and equal protection violations, he has failed to provide a "short and plain statement of the claim[s]" showing he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

**C.    Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, because the Court SUA SPONTE dismisses Plaintiff's complaint, the Court

1  DENIES Plaintiff's request for appointment counsel as moot.[5]

2  **D.     Temporary Restraining Order**

Plaintiff also filed an "emergency" temporary restraining order enjoining Defendants from requiring him to attend the treatment class due to his physical "disability" because he has to walk up a hill to attend the class and also because he has no criminal history related to child molestation and rape. (Dkt. No. 4 at 1-2.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'").

Plaintiff's complaint has not survived the initial *sua sponte* screening required by 28 U.S.C. § 1915(e)(2), the United States Marshal has not been directed to effect service on his behalf, and the named Defendants have no actual notice of either of Plaintiff's complaint or his motion for temporary restraining order. Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any Defendant at this time. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350.

---

[5] The Court notes that Plaintiff filed a form request for appointment of counsel without providing any information explaining why he needs counsel. (See Dkt. No. 3.) In the event Plaintiff files an amended complaint with another motion for appointment of counsel, he must properly fill out the form.

Substantively, Rule 65 provides that the Court may issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65. A movant must demonstrate that: "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 738 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Here, because Plaintiff has failed to state a claim, he is unable to demonstrate a likelihood of success on the merits. Thus, the Court DENIES the motion for temporary restraining order. *See Thomas v. Chu*, No. 3:20-cv-00245-GPC-BGS, 2020 WL 5408944, at *10 (S.D. Cal. Sept. 9, 2020) (noting that, having dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), the plaintiff had "necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims" (citing cases).)

### Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the complaint for failure to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants, and DENIES Plaintiff's motion for appointment of counsel and motion for temporary restraining order. In the event Plaintiff seeks to file an amended complaint, he must do so no later than **June 1, 2023**. If Plaintiff fails to timely amend, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire

action.").

The amended complaint must be complete by itself without reference to her previous pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

Dated: May 5, 2023

Hon. Gonzalo P. Curiel
United States District Judge